# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00143-MR
# CRIMINAL CASE NO. 1:12-cr-00012-MR-DLH-2

| | |
|---|---|
| CLINTON HUGO WILSON, JR., ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this action in abeyance. [CV Doc. 5].[1] According to the government's motion, defense counsel has consented to its request. [Id.].

Petitioner was convicted by plea of one count of Hobbs Act robbery (18 U.S.C. § 1951), and one count of brandishing a firearm in furtherance of a

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting that the document is listed on the docket in the civil case file number 1:16-cv-00143-MR, or the letters "CR" denoting that the document is listed on the docket in the criminal case file number 1:12-cr-00012-MR-DLH-2.

crime of violence (18 U.S.C. § 924(c)).  [CR Doc. 66].  The Court sentenced Petitioner to a total term of imprisonment of 166 months.  [Id.].

On May 26, 2016, Petitioner commenced this action by filing a *pro se* motion to vacate pursuant to 28 U.S.C. § 2255, raising claims of ineffective assistance of counsel, prosecutorial misconduct, and a violation of his Fifth Amendment rights.  [CV Doc. 1].  The Federal Defender's Office then filed a supplemental motion to vacate on Petitioner's behalf, arguing that Petitioner's Hobbs Act robbery offense no longer qualifies as a "crime of violence" in light of Johnson v. United States, 135 S. Ct. 2551 (2015).  [CV Doc. 3].  Petitioner asserts that his Hobbs Act offense likewise cannot support his § 924(c) conviction and such conviction must be vacated.  [Id.].

In response to Petitioner's motion, the government has filed a motion to hold this proceeding in abeyance.  The government notes that pending in the Fourth Circuit is the case of United States v. Ali, No. 15-4433 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016, session).  The Court notes that also pending in the Fourth Circuit is the case of United States v. Simms, No. 15-4640 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016, session).  The appellants in Ali and Simms both contend that a Hobbs Act robbery (and additionally in Ali, conspiracy to commit a Hobbs Act robbery) can no longer be considered

2

a "crime of violence" under 18 U.S.C. § 924(c)(3)(B) and thus any § 924(c) conviction predicated thereon is void.

Based upon the foregoing reasons, and with Petitioner's consent, the Court concludes that the government's motion should be granted.

## ORDER

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 5] is hereby **GRANTED**, and this matter is hereby held in abeyance pending further orders of this Court. The parties shall notify the Court of the opinions rendered by the Fourth Circuit in the <u>Ali</u> and <u>Simms</u> cases within seven days after each such matter is decided.

**IT IS SO ORDERED.**

Signed: October 24, 2016

Martin Reidinger
United States District Judge